(92 South. 610)

## GRAY v. OZIER.   (3 Div. 557.)

(Supreme Court of Alabama.   Jan. 19, 1922. Rehearing Denied April 27, 1922.)

I. Evidence ⬳376(6)—Daybook in which entries made by a person shown not inaccessible as witness inadmissible.

In an action on account, where items were first set down in a daybook in which plaintiff's wife often made entries, where she was not shown to be inaccessible, and no excuse was offered for her failure to testify, the daybook was inadmissible in evidence.

2. Account, action on ⬳22—Evidence held insufficient to support judgment for plaintiff.

In an action on account, where plaintiff introduced a daybook purporting to show all the charges and all the credits on account with defendant, and defendant introduced a statement rendered him by plaintiff, which showed charges in excess of the sum shown by the daybook, but which disclosed credits in excess of the charges according to the account introduced, evidence *held* insufficient to sustain judgment for the plaintiff.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Action in assumpsit by W. C. Ozier against T. J. Gray. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Holloway & Hill, of Montgomery, for appellant.

The court erred in admitting the daybook in evidence. Section 4003, Code 1907; 204 Ala. 186, 85 South. 510; 203 Ala. 280, 82 South. 530; 184 Ala. 460, 63 South. 987. The court erred in permitting the witness to state his conclusion as to the amount due. 2 Ala. App. 488, 56 South. 850. The court erred in refusing to grant the defendant's motion for a new trial. 189 Ala. 307, 66 South. 651; 189 Ala. 384, 66 South. 596; 12 Ala. App. 324, 66 South. 914; 192 Ala. 630, 69 South. 57.

Sternfeld & Lobman, of Montgomery, for appellee.

The defendant admitted some of the items to be correct, and by agreement consented to checking over the items on the daybook, to see what items were to be contested and what were not, and so the daybook was admissible. 203 Ala. 280, 82 South. 530. Under rule 45, Supreme Court Practice, any error in admitting the daybook was without injury. 202 Ala. 422, 80 South. 806; 14 Ala. App. 149, 68 South. 575; 16 Ala. App. 218, 77 South. 56; 16 Ala. App. 571, 80 South. 145; 16 Ala. App. 330, 77 South. 924. There was no error in the other evidence admitted or refused. 196 Ala. 137, 72 South. 68; 200 Ala. 560, 76 South. 918; 200 Ala. 579, 76 South. 937; 200 Ala. 624, 76 South. 982.

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

GARDNER, J. This is an action by appellee against appellant on common counts—one of them being upon an open account; another upon an account stated. The complaint recites that a sworn itemized statement of account is filed therewith. There was affidavit by defendant, denying the correctness of the itemized statement of account so filed, and the cause was tried upon the plea of general issue, payment, set-off, and statutes of limitation, pleaded in short by consent. The jury returned a verdict in favor of the plaintiff for $1,002.42, and judgment was rendered accordingly, from which defendant prosecutes this appeal.

[1] Plaintiff was engaged in the mercantile business in the country, and the controversy as to the amount due arose from defendant's dealings with plaintiff in the store accounts. Items charged against the defendant were first set down in what plaintiff terms his daybook. Plaintiff's wife spent much of her time in the store, and sold many of the articles and made numerous entries in the daybook. She was not shown to be inaccessible as a witness, and no excuse was offered for her failure to testify in regard to entries made by her. The court permitted that book to be introduced in evidence over defendant's objection. This question was given full consideration by this court in the recent case of Loveman, Joseph & Loeb v. McQueen, 203 Ala. 280, 82 South. 530. Under the holding in that case the objection of defendant was well taken.

It is insisted by counsel for appellee, however, that, if that was error, it was without injury, and the appellant is not in position to ask reversal upon this ground for the reason of the suggestion on the part of the defendant, made on the trial of the cause, that the account be gone over, and that the items for contest be selected, and were so selected. Whether or not there is merit in this insistence we need not determine, as the cause must be reversed upon the ground which we now state.

[2] Defendant made a motion for a new trial upon the ground, among others, that the verdict was contrary to the great preponderance of the evidence, and the action of the court in overruling the motion is very strenuously argued in brief upon this appeal. We are of the opinion the motion should have been granted. The plaintiff testified the daybook showed "all the charges and all the credits on the account with Mr. Gray." The book was introduced in evidence, and the items contained in said book as charges against defendant are set out, as appears on pages 12 and 13 of the transcript. These charges only aggregate $197.16. The defendant introduced a statement of account rendered him by plaintiff, which shows charges in excess of this sum, but which also discloses credits in excess of the charges according to the accounts introduced. Therefore, under the record evidence before the court, the verdict was unsupported by the testimony.

Brief of counsel for appellee does not specifically answer that portion of brief for appellant dealing with the ruling of the court on the motion for a new trial; but we find a statement in their brief to the effect that the items of charges contained in the daybook against defendant, as appear on pages 12 and 13 of the transcript, do not purport to be all the items contained in said book as charges against the defendant. The bill of exceptions does not so state. The daybook was in evidence, and the record purports to contain all the evidence upon which the trial was had. If these items did not contain all the charges against the defendant, we are unable to see the purpose of their introduction. It may be that a mistake has occurred, but, whether so or not, this court must determine the case as presented by the record upon this appeal.

We have not overlooked the suggestion that the plaintiff testified without objection that defendant was due him $1,472, as shown on the book; but, treating the book as containing all the items of credits and charges which were offered in evidence in this cause, the statement is unsupported by its contents. As the record here presents itself, the ends of justice require a new trial of the cause.

For the error in overruling the motion for a new trial, therefore, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.